IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| IAN BIGELOW,<br><br>    Plaintiff,<br><br>  vs.<br><br>GREAT AMERICAN INSURANCE COMPANY; HISCOX INSURANCE COMPANY, INC.; *et al.*,<br><br>    Defendants. | Case No. 22-cv-00545-DKW-KJM<br><br>**ORDER GRANTING HISCOX INSURANCE COMPANY, INC.'S MOTION TO DISMISS AND GREAT AMERICAN INSURANCE COMPANY'S MOTION FOR PARTIAL SUMMARY JUDGMENT** |

  Plaintiff Ian Bigelow alleges that Defendants Great American Insurance Company ("Great American") and Hiscox Insurance Company, Inc. ("Hiscox") issued policies entitling him to indemnity against losses resulting from litigation filed against him in 2021 by Resco, Inc., a company in which he served as an officer and director. Complaint, Dkt. No. 1-1. In the underlying action, Resco alleged that Bigelow breached his fiduciary duty to the company by, *inter alia*, violating trade secret laws and non-compete agreements. Bigelow settled Resco's claims and now seeks reimbursement of the $881,000 that he paid to cover damages and attorneys' fees in connection with that action.

  Before the Court are the two insurance companies' motions. Hiscox moves to dismiss the Complaint, contending that it is not liable to indemnify Bigelow

1

according to its policy's "prior acts/notice/knowledge" exclusion. Dkt. No. 7 (Motion to Dismiss ("MTD")). Great American moves for summary judgment on Bigelow's claim for declaratory relief, contending that it is not liable according to its policy's "insured versus insured" exclusion. Dkt. No. 18 (Motion for Partial Summary Judgment ("MPSJ")). Because, as explained below, both insurers are correct, both the MTD and MPSJ are GRANTED.

## **LEGAL STANDARD**

### I. Motion to Dismiss

Federal Rule of Civil Procedure 12(b)(6) authorizes a Court to dismiss a complaint that fails "to state a claim upon which relief can be granted." Rule 12(b)(6) is read in conjunction with Rule 8(a), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (citing *Twombly*, 550 U.S. at 556). Factual allegations that only permit the court to infer "the mere possibility of misconduct" are

2

insufficient. *Id*. at 679. Moreover, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 678 (citing *Twombly*, 550 U.S. at 555) (explaining that "legal conclusions" are not accepted as true).

In evaluating a motion to dismiss in this context, the Court must examine the factual allegations in the Complaint, along with the relevant terms of the insurance contract. *See Burlington Ins. Co. v. Oceanic Design & Constr., Inc.*, 383 F.3d 940, 944–95 (9th Cir. 2004). "Where pleadings fail to allege any basis for recovery within the coverage clause, the insurer has no obligation to defend," much less to indemnify. *Id.* (quoting *Hawaiian Holiday Macadamia Nut Co., Inc. v. Indus. Indem. Co.*, 872 P.2d 230, 233 (Haw. 1994)). Furthermore, an interpretation of an insurance policy is a question of law for the Court. *Blue Ridge Ins. Co. v. Stanewich*, 142 F.3d 1145, 1147 (9th Cir. 1998). The terms of the policy are "interpreted according to their plain, ordinary, and accepted sense in common speech." *Allstate Ins. Co. v. Pruett*, 186 P.3d 609, 617 (Haw. 2008).

**II.     Motion for Summary Judgment**

A court must grant a motion for summary judgment if "the evidence in the record" and "all reasonable inferences from that evidence," when viewed in the light most favorable to the non-moving party, show "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of

3

law." Fed. R. Civ. P. 56(a); *Genzler v. Longanbach*, 410 F.3d 630, 636 (9th Cir. 2005). The movant "bears the initial burden of . . . demonstrat[ing] the absence of a genuine issue of material fact." *Soremekun v. Thrifty Payless, Inc.*, 509 F.3d 978, 984 (9th Cir. 2007) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)). If the movant carries that burden, then "[t]o survive summary judgment, [the non-movant] must set forth non-speculative evidence of specific facts" showing there is a "genuine issue for trial." *Cafasso v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1061 (9th Cir. 2011); *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). In assessing a motion for summary judgment, all facts and inferences are construed in the light most favorable to the non-moving party. *Genzler*, 410 F.3d at 636; *Coghlan v. Am. Seafoods Co., LLC*, 413 F.3d 1090, 1095 (9th Cir. 2005).

## RELEVANT BACKGROUND

### I. The Relevant Insurance Policies

During 2020, Bigelow was an officer and director of Resco. Great American's Concise Statement of Facts ("DCSF"), ¶ 3, Dkt. No. 19; Plaintiff's Response to DCSF ("PRCSF"), ¶ 3, Dkt. No. 26. For the period covering March 2, 2020 through March 2, 2021, Resco owned a "claims-made" policy, Great American Policy DPLE163563 ("GA Policy"), under which Great American agreed to "pay on behalf of any Insured Person all Loss which the Insured Person

shall be legally obligated to pay as a result of a Claim first made against an Insured Person during the Policy Period . . . ." DCSF ¶ 9; PRCSF ¶ 9; Dkt No. 26-3 at 3 § I.A.[1] The Policy defined "Claim" as "(1) a written demand . . . for monetary or non-monetary relief; [or] (2) a civil proceeding commenced by the service of a complaint or similar pleading, or any appeal thereof . . . ." *Id.* at 3 § II.A.

The GA Policy contained two parts: Part A for "Directors' and Officers' and Entity Liability Coverage," and Part B for "Employment Practices Liability Coverage." For Part A Coverage, the policy included an "insured versus insured" exclusion, stating, "the Insurer shall not be liable to make any payment for Loss in connection with any Claim made against any Insured: . . . (6) brought or maintained by or on behalf of any Insured . . . ." *Id.* at 6–7 § III.A. This exclusion did not apply to Part B Coverage, which covered claims for "Employment Practices Wrongful Act[s]." *Id.* at 13 § I.A. As relevant here, "Employment Practices Wrongful Act[s]" were defined as "wrongful dismissal, discharge or termination of employment" "by an Insured but only if alleged by or on behalf of a Claimant." *Id.* at 13–14 § II.D. In turn, "Claimant" was defined as "any Employee or prospective Employee of the Company, any Independent Contractor, and any

---

[1] The GA Policy defined "Insured(s)" as "the Company and all Insured Persons." Dkt. No. 26-3 at 4 § II.F. "Insured Persons" was defined as "(1) all Executives; and (2) all Employees." *Id.* at 4 § II.G. It is undisputed that both Resco and Bigelow were Insureds under the GA Policy.

governmental agency acting on behalf of an Employee or prospective Employee." *Id.* at 13 § II.B.

Additionally, for the period covering January 7, 2021 through January 7, 2022, a separate company, Agency Rentals, LLC, owned a "claims-made" policy, Hiscox Policy MPL4693227.21 ("Hiscox Policy"), under which Hiscox agreed to indemnify Agency Rentals against any losses incurred in defending against claims against Agency Rentals alleging negligent acts in professional services performed. Complaint ¶¶ 22–29, Dkt. No. 1-1; Dkt. No. 7-4 at 9.  Bigelow was insured under this policy in his capacity as an employee of Agency Rentals, a position that he assumed after leaving Resco in October 2020.  The Hiscox Policy excluded coverage for any claim:

> based upon or arising out of any actual or alleged breach of duty or negligent act, error, or omission that:
>
> a. was committed prior to the retroactive date;
>
> . . .
>
> c. was the subject of, or is related to, any prior or pending litigation, claim, written demand, arbitration, administrative or regulatory proceeding or investigation, or licensing proceeding that was filed or commenced against you and of which you had notice prior to the policy period; or
>
> d. [the insured] had knowledge of prior to the policy period, and there was a reasonable basis to believe that the act, error, or omission could result in a claim.

Dkt. No. 7-4 at 14 § VI(23) ("Prior acts/notice/knowledge" exclusion). The Hiscox Policy defined "claim" as "any written assertion of liability or any written demand for financial compensation or non-monetary relief." *Id.* at 15 § VII. The parties also agree that the policy defined "retroactive date" as January 7, 2021. *See, e.g.*, Dkt. No. 7 at 12.

**II.   The Underlying Claim Against Bigelow**

On October 22, 2020, Bigelow resigned from Resco. Dkt. No. 19-2 ¶¶ 250–51. On October 30, 2020, Bigelow received a letter from Resco, demanding that Bigelow cease and desist from certain activity—namely, recruiting employees of Resco to Agency Rentals, a competing company that he formed following his resignation. Complaint ¶ 15; Civ. Case No. 1:21-00183-KJM, Dkt. No. 1-18 (October 30, 2020 letter).[2] On November 16, 2020, Bigelow tendered this claim to Great American, which denied coverage four days later. Complaint ¶¶ 14, 16.

On April 15, 2021, Resco filed suit against Bigelow and four other members of Resco's former Board of Directors. Dkt. No. 19-2. Among other things, Resco alleged that the defendants had breached their fiduciary duties to Resco, including by: unjustly enriching themselves with unreasonable compensation packages, finders' fees, bonuses, and share buy-back programs; directing Resco to enter into

---

[2]The underlying Claim was litigated before a different judge in this Court. *See* Civ. Case No. 1:21-00183-KJM.

7

risky, over-valued business purchases, including of entities owned by Bigelow; wrongfully terminating a fellow executive named Jason Lazzerini in September 2020 after Lazzerini questioned certain expenditures; and starting a competing real estate business, Agency Rentals, and poaching Resco employees and steering Resco's clients to that competing business, in violation of an agreement not to compete with Resco. *See generally id.*; DCSF ¶¶ 2, 4–8; PRCSF ¶¶ 2, 4–8.

On June 2, 2021, Bigelow again tendered to Great American, and once again, Great American denied coverage. Complaint ¶¶ 20–21; Dkt. No. 19-4. On June 23, 2021, Bigelow also tendered to Hiscox, and on June 29, 2021, Hiscox denied coverage. Complaint ¶¶ 33–34. On July 5, 2022, for the third time, Bigelow tendered to Great American, this time, for the specific amount of $900,000, and Great American again denied coverage. Dkt. No. 19-5. Thereafter, Bigelow reached a settlement agreement with Resco for $500,000 and incurred an additional $381,000 in defending against the claims in the underlying action. DCSF ¶ 16; PRCSF ¶ 16.

### III. Bigelow's Complaint and the Instant Motions

On October 18, 2022, Bigelow filed a Complaint in the Circuit Court for the First Circuit, State of Hawaiʻi, seeking, among other things, declaratory judgment that the proceeds he expended in settlement of the underlying action are covered under both the Great American Policy and the Hiscox Policy. *See* Complaint ¶ 40

8

(Count I); DCSF ¶ 17; PRCSF ¶ 17.  He also asserted claims for negligence, intentional infliction of emotional distress, and bad faith.  Complaint ¶¶ 41–55 (Counts II–IV).  On December 29, 2022, Great American removed the action to this Court and answered.  Dkt. No. 1; DCSF ¶ 18; PRCSF ¶ 18.

On January 23, 2023, Hiscox filed the instant motion to dismiss Bigelow's claims, contending, in part, that Resco's claims in the underlying action involved activity that either occurred prior to the January 7, 2021 retroactive date of the Hiscox Policy or had already been brought to Bigelow's attention before the Policy's inception.  In either event, Hiscox asserts that the "prior acts/notice/knowledge" exclusion bars coverage.  MTD at 11–13.

On February 28, 2023, Great American filed the instant motion for summary judgment on Count I, claiming that Part A's "insured versus insured" exclusion bars Bigelow's claim for indemnification under the GA Policy.  MPSJ at 2.

On April 6, 2023, Bigelow opposed Hiscox's MTD.  Despite not disputing that the underlying action involved conduct prior to the Hiscox Policy retroactive date, Dkt. No. 24 at 4–5, Bigelow asserted that he "complied with the notification requirement under the [Hiscox] Policy by sending a letter dated June 23, 2021 to [Hiscox], properly notifying them of the underlying lawsuit against Bigelow, as an insured." *Id.* at 4.  He asked the Court to grant him leave to amend his Complaint if the Court disagreed.  *Id.* at 7.

9

On April 6, 2023, Bigelow also opposed Great American's MPSJ. Dkt. Nos. 25–26. First, he argued that the "insured versus insured" exclusion does not apply to the underlying claims here because although such claims were brought by Resco, an insured, against Bigelow, another insured, the underlying claims were actually brought by Resco *on behalf of Resco's shareholders*, who were not insureds under the GA Policy. Dkt. No. 25 at 6–8. Second, in the alternative, Bigelow pointed out that the "insured versus insured" exclusion only applies to Part A Coverage and asserted that Great American is still liable under Part B because the underlying claims included an Employment Practices Wrongful Act. *Id.* at 8–9; *see also* Dkt. No. 19-2 at ¶¶ 81–82, 99, 140, 154–159, 166, 168 (detailing the wrongful termination of Jason Lazzerini).

Hiscox and Great American replied on April 14, 2023. Dkt. Nos. 27–28. The Court elected to decide these matters without a hearing pursuant to Local Rule 7.1(c), *see* Dkt. No. 29, and this Order follows.

## DISCUSSION

**I.      Hiscox does not owe indemnity to Bigelow because the "prior acts/notice/knowledge" exclusion bars coverage.**

Coverage for the claims asserted in the underlying action is excluded by the Hiscox Policy's "prior acts/notice/knowledge" provision. That provision excludes coverage for any claim that was:

>based upon or arising out of any [] alleged breach of duty or negligent act, error, or omission that:
>
>a. was committed prior to the retroactive date;
>
>. . .
>
>c. was the subject of, or is related to, any prior or pending litigation, claim, [or] written demand . . . that was filed or commenced against [the insured] and of which [the insured] had notice prior to the policy period; or
>
>d. [the insured] had knowledge of prior to the policy period, and there was a reasonable basis to believe that the act, error, or omission could result in a claim.

Dkt. No. 7-4 at 14 § 23(a)–(d).

Although the underlying action was filed on April 15, 2021—after the Hiscox Policy's retroactive date of January 7, 2021—nearly all of the acts alleged therein occurred prior to January 7, 2021. In fact, nearly all of the acts set forth in the underlying complaint's more than three-hundred-and-thirty-five paragraphs detail Bigelow's wrongful conduct *prior to October 2020* when his service as a Resco director ended. There is no coverage for such conduct occurring "prior to the [January 7, 2021] retroactive date." Dkt. No. 7-4 at 14 § 23(a).

Only twelve paragraphs of the underlying complaint arguably reference any actions taken by Bigelow *after* his departure from Resco in October 2020. *See* Dkt. No. 19-2 ¶¶ 259–271. These paragraphs, in other words, are the only ones that *might* contain allegations allowing Bigelow to avoid the "prior

11

acts/notice/knowledge" exclusion. These paragraphs, however, allege that after his Resco departure, Bigelow violated the terms of his non-compete agreement with Resco, and his continuing fiduciary obligations to Resco, in several ways, including by recruiting Resco employees to his new company. These issues were the very subject of Resco's October 30, 2020 letter to Bigelow. Bigelow was surely aware of Resco's competition claims at that time because he tendered them to Great American on November 16, 2020. Complaint ¶¶ 14-15. Accordingly, these acts—even assuming they continued to occur after the January 7, 2021 retroactive date—cannot save Bigelow's coverage claims. Section 23c (and 23d) of the Hiscox Policy presents an exclusion obstacle that Bigelow cannot surmount.[3]

## II. Great American does not owe indemnity to Bigelow because claims against one insured person by another insured person are not covered under Part A, and Part B does not apply.

Under Part A's "insured versus insured" exclusion, Great American was not required to defend or indemnify Bigelow against a claim brought against him by any party also insured by the same policy. *See* MPSJ at 8–9 (collecting cases that have enforced this type of exclusion). As it is undisputed that Resco and Bigelow were co-insureds under the GA Policy, and the underlying action is a lawsuit

---

[3]As the motion is granted on these grounds, the Court need not, and does not, address the merits of any other argument advanced by Hiscox. *See* Dkt. No. 7-1 at 6–11.

against Bigelow "brought or maintained by" Resco, the Claim is excluded under Part A. Dkt. No. 26-3 at 6–7 § III.A; *see* Dkt. No. 19-2 at 2 (underlying complaint identifying plaintiffs as "Resco, Inc." and "Locations, LLC"—a Resco subsidiary).

Bigelow's argument to the contrary is unavailing. He contends that the underlying lawsuit was filed on behalf of Resco's shareholders, who were *not* named insureds, rendering the "insured versus insured" exclusion non-applicable. The underlying action, however, was filed and pursued by Resco, not by its shareholders. Resco's shareholders were not named in the underlying complaint, and they were not participants in the lawsuit. Resco was. The fact that the shareholders might have benefited from the lawsuit does not mean the action was theirs. *See Liberty Mut. Fire Ins. Co. v. EZ-FLO Int'l, Inc.*, 877 F.3d 1081, 1084 (9th Cir. 2017) ("The term 'plaintiff' . . . means a 'party who brings a civil suit in a court of law.' . . . A plaintiff, in other words, is 'one who commences a personal action or lawsuit' or 'the complaining party in any litigation.' It certainly does not mean 'anyone, name or unnamed, whom a suit may benefit.'") (quoting Black's Law Dictionary 1267 (9th ed. 2009) and Webster's Third New International Dictionary 1729 (1961)) (some internal quotation marks omitted).[4]

---

[4] Nor was the lawsuit a derivative action—a suit brought by a shareholder on behalf of a corporation. *See Rosenbloom v. Pyott*, 765 F.3d 1137, 1147–48 (9th Cir. 2014).

Bigelow is also not covered under Part B.  In order to be covered under Part B, the underlying action needed to include an allegation of an Employment Practices Wrongful Act.  Although the underlying complaint arguably did that—namely, including allegations of the September 2020 wrongful dismissal of Lazzerini, *see* Dkt. No. 19-2 ¶¶ 81–82, 99, 140, 154–59, 166, 168—those allegations do not meet the balance of Part B's definition of "Employment Practices Wrongful Acts."  Such acts are limited to the "wrongful dismissal, discharge or termination of employment" "by an Insured *but only if alleged by or on behalf of a Claimant*."  Dkt. No. 26-3 at 13–14 § II.D (emphasis added).  Resco is not and cannot be such a "Claimant."  Part B defines a "Claimant" as: (i) "an Employee," (ii) a "prospective Employee," (iii) a "governmental agency acting on behalf of an Employee or prospective Employee," or (iv) an "Independent Contractor."  Dkt. No. 26-3 at 13 § II.B.  Resco is none of these.

Thus, Great American's policy affords Bigelow no coverage under either Part A or Part B.  The MPSJ is GRANTED.

## **CONCLUSION**

Hiscox's motion to dismiss, Dkt. No. 7, and Great American's motion for partial summary judgment, Dkt. No. 18, are GRANTED.  Count I is DISMISSED

WITH PREJUDICE against both Defendants.[5]  Further, Counts II–IV against Hiscox are likewise DISMISSED WITH PREJUDICE, as those claims cannot survive in the absence of any coverage obligation.

IT IS SO ORDERED.

DATED: April 20, 2023 at Honolulu, Hawaiʻi.



Derrick K. Watson
Chief United States District Judge

---

*Ian Bigelow v. Great American Insurance Company, et al*; Civil No. 22-00545 DKW-KJM; **ORDER GRANTING HISCOX INSURANCE COMPANY, INC.'S MOTION TO DISMISS AND GREAT AMERICAN INSURANCE COMPANY'S MOTION FOR PARTIAL SUMMARY JUDGMENT**

---

[5] Bigelow's request for leave to amend is DENIED, as his opposition briefs give no indication that amendment could cure the Complaint's deficiencies.