IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI'I

| | |
|---|---|
| IAN BIGELOW,<br><br>    Plaintiff,<br><br>  vs.<br><br>GREAT AMERICAN INSURANCE COMPANY; HISCOX INSURANCE COMPANY, INC.; *et al.*,<br><br>    Defendants. | Case No. 22-cv-00545-DKW-KJM<br><br>**ORDER (1) GRANTING PLAINTIFF'S MOTION FOR RECONSIDERATION AND (2) REINSTATING COUNTS II–IV OF THE COMPLAINT AS TO DEFENDANT HISCOX INSURANCE COMPANY, INC.** |

Plaintiff Ian Bigelow moves the Court to reconsider its prior dismissal of his claims of insurer bad faith, negligence, and intentional infliction of emotional distress against Defendant Hiscox Insurance Company, Inc.[1]  Dkt. No. 33.  After finding that Hiscox had not breached its contract with Bigelow by denying coverage for a claim, this Court previously dismissed the three claims at issue here (Counts II–IV) against Hiscox only on the sole basis that "th[e] claims [could] not survive in the absence of any coverage obligation."  Dkt. No. 30 at 14–15.  Bigelow contends that this holding was erroneous as a matter of law because Hawai'i state law allows a claim of insurer bad faith to survive even where there is

---

[1]The Court's prior order, Dkt. No. 30, contains factual and procedural histories that need not be and are not repeated here.

1

no duty to provide coverage under the insurance policy. *See* LR 60.1 (stating that motions for reconsideration may be brought on grounds of manifest error of law).

Bigelow is correct: the prior dismissals of Counts II–IV as against Hiscox were erroneous as a matter of law, given that they were based solely on the dismissal of the breach of contract/coverage claim (Count I). *See Enoka v. AIG Haw. Ins. Co., Inc.*, 128 P.3d 850, 865 (Haw. 2006) ("Surely an insurer must act in good faith in dealing with its insured and in handling the insured's claim, even when the policy clearly and unambiguously excludes coverage."); Dkt. No. 35 at 2 (Hiscox conceding that a bad faith claim may survive in the absence of coverage). Therefore, the motion for reconsideration is GRANTED. *See Sch. Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993) ("Reconsideration is appropriate if the district court . . . committed clear error . . . .").

Hiscox nonetheless urges the Court *not* to reinstate Counts II–IV, claiming that Bigelow's Complaint lacks allegations sufficient to state claims of bad faith, negligence, and intentional infliction of emotional distress under Fed. R. Civ. P. 12(b)(6), even if they survive the Court's denial of coverage. Dkt. No. 35 ("Hiscox's motion to dismiss did not argue that the bad faith claim had to be dismissed simply because there was no coverage for the underlying lawsuit, but also that th[e] Complaint failed to allege any fact against Hiscox that could support an independent claim for bad faith.").

2

On the contrary, the Complaint contains allegations sufficient to state a claim of bad faith against Hiscox.  In paragraph 53(f) of the Complaint, for instance, Bigelow alleges that Hiscox "fail[ed] to promptly provide a reasonable explanation of the basis in the policies" on which its decision to deny coverage was based.  Dkt. No. 1 at 8.  Although this allegation is sparse and lacks factual detail, it is sufficient under federal pleading standards to state a claim of Hiscox's bad faith dealings with Bigelow.  *See Bell Atlantic Corp. v Twombly*, 550 U.S. 544, 555–56, 570 (2007) (holding a claim does not need "detailed factual allegations" but only sufficient factual matter to allow the court to draw the reasonable inference of liability); *Enoka*, 128 P.3d at 864–65 (distinguishing bad faith claims based on failure to investigate from those based on the insurer's "mishandling of [a] claim," and holding that the latter is available even absent coverage on the underlying policy); *Willis v. Swain*, 304 P.3d 619, 627 (Haw. 2013) (grounding "bad faith tort claims on the special relationship between insurers and their insureds," and reasoning that the Hawaiʻi legislature has dictated that insurance companies have special duties of good faith and fair dealing to their insureds, including prompt communication about claims to claimants and minimization of inconvenience to claimants).[2]

---

[2]In other words, to the extent the Court's prior decision did not address Hiscox's Rule 12(b)(6) arguments on Counts II–IV in its motion to dismiss, Dkt. No. 7, those arguments are now rejected.  Further, Hiscox has made no specific argument regarding why Bigelow's separate claims of negligence and intentional infliction of emotional distress ("IIED") are deficient.  It

For the foregoing reasons, Bigelow's motion for reconsideration, Dkt. No. 30, is GRANTED, and Counts II–IV of the Complaint are REINSTATED as against Hiscox.

IT IS SO ORDERED.

DATED: May 24, 2023 at Honolulu, Hawai'i.



Derrick K. Watson
Chief United States District Judge

*Ian Bigelow v. Great American Insurance Company et al*; **ORDER (1) GRANTING PLAINTIFF'S MOTION FOR RECONSIDERATION AND (2) REINSTATING COUNTS II–IV OF THE COMPLAINT AS TO DEFENDANT HISCOX INSURANCE COMPANY, INC**

---

certainly appears that if Bigelow were to prevail on his claim of bad faith, he could plausibly also prevail on his claims of negligence and IIED.  The Court therefore declines to address these claims further.